People v C.D. (2025 NY Slip Op 51094(U))

[*1]

People v C.D.

2025 NY Slip Op 51094(U)

Decided on July 10, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
Youth Part, Erie County

The People of the State of New York

against
C.D. AO.

Docket No. FYC-71905-25/001

Nicholas Marino, Esq. (Assistant District Attorney)
Joseph Turner, Esq. (for Principal C.D.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas J. Marino, Esq. (Assistant District Attorney), dated June 26, 2025; responsive papers dated July 3, 2025 having been filed by Joseph P. Turner, Esq. on behalf of AO C.D.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO C.D. is charged under FYC-71905-25/001 with one count of Criminal Possession of a Weapon in the Third Degree in violation of Penal Law Section 265.02(8), a class D felony, and two counts of Criminal Possession of a Firearm in violation of Penal Law Section 265.01-B(1)), a class E felony.
AO C.D. was arraigned by this Court on May 27, 2025 and remanded with bail set at $20,000.00 A, B, $45,000.00 E at 10%. If bail was posted, AO C.D. was to be released under RUS supervision with specific conditions.
On May 30, 2025, the People conceded the six-day reading. This Court concluded that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for July 10, 2025.
Findings of Fact
It is alleged that on May 27, 2025, at or around 9:30 a.m., law enforcement executed a search warrant at a single-family residence in Buffalo, New York. While searching the third-floor bedroom, a detective recovered a black Ruger 57, a magazine for that firearm loaded with 16 5.7 caliber rounds, and a .45 caliber silver Regent firearm. Both guns were tested for operability at the Central Police Services Laboratory and found to be operable. Law enforcement encountered AO C.D. during the search of the premises. After being arrested and before receiving his Miranda warnings, AO C.D. spontaneously stated to a detective, "I want to talk to the Sargent in charge. All the guns, the FN 57 and everything is mine."
Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). When an adolescent offender is charged with a violent felony as defined in Penal Law § 70.02, within six calendar days of the adolescent offender's arraignment, the youth part of superior court is required to review the accusatory instrument and determine whether the prosecutor has proven by a preponderance of the evidence that the adolescent offender caused 'significant physical injury' to someone other than a participant in the crime, displayed a 'firearm, shotgun, rifle or deadly weapon as defined in the penal law' in furtherance of the crime, or unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in section 130.00 of the Penal Law (CPL § 722.23(2)(a), (c)). Here, the People conceded the reading was not met.
The matter must be transferred to Family Court if these factors are not present unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) (citing Assembly Record, p. 39).
The People argue that extraordinary circumstances exist, stating that AO C.D. was in possession of several loaded and operable firearms, and one of the firearms was loaded with sixteen rounds of ammunition inside of a high capacity feeding device. AO C.D. told law enforcement that the firearms belonged to him. To the contrary, Defendant argues that this matter should be transferred to Family Court. The firearms were not personally possessed by anyone, and therefore it is impossible to allege that he displayed them.
This Court finds that highly unusual and heinous facts have not been proven. Unfortunately, gun possession charges are rather common among the youth seen by this Court. It is not alleged that this youth brandished the firearm or used said firearm in furtherance of any crimes. The People do not allege that AO C.D. caused physical harm to another person, damaged any personal property, or committed a series of crimes over a short period of time. AO C.D. does not have a history in [*2]Youth Part.
Based on the information provided and the allegations presented by the People, this Court has no reason to believe that this Youth will not be amenable to the heightened services of Family Court (People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023)).
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39.) Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN